THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-cv-00119-BO-BM

PORTERS NECK COUNTRY CLUB, )
INC., )
    *Plaintiff,* )
)
v. )    ORDER
)
WEST CHESTER FIRE INSURANCE )
COMPANY AND CHUBB LIMITED, )
)
    *Defendants.* )

This cause is before the Court on defendants' motion to dismiss plaintiff's Second Claim for Relief. [DE 5]. Plaintiff responded, and defendants replied. In this posture, the matter is ripe for adjudication.

## BACKGROUND

Westchester provided liability insurance to plaintiff, Porters Neck Country Club (PNCC). PNCC was subsequently sued in state court by Porters Neck Limited (PNL). To defend PNCC in that PNL lawsuit, Westchester retained Gordon Rees Scully Mansukhani, LLP (Gordon Rees).[1] During discovery, Gordon Rees repeatedly failed to turn over certain documents to PNL, which resulted in sanctions against PNCC, including the striking of PNCC's liability defenses. [DE 1-1 ¶¶ 10, 11, 13, 22]. PNCC sued Westchester, and in its "Second Claim for Relief," PNCC claimed

---

[1] PNCC also retained the law firm Ward & Smith, P.A. to aid in the defense. PNCC claims that Westchester has not reimbursed PNCC "for all of Ward and Smith's reasonable fees and expenses." [DE 1-1 ¶ 29]. Westchester does not seek to dismiss that claim, and therefore, the Court expresses no opinion on the matter. [DE 6 at 2].

1

that Westchester was vicariously liable for the damages caused by Gordon Rees' malpractice. [DE 1-1]. Westchester filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss this Second Claim for Relief.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Id*. A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "[I]issues involving performance and damage for nonperformance [of a contract] are governed by the laws of the place of performance." *Contract A.L. Green & Co. v. Great-W. Life Assur. Co.*, 738 F. Supp. 965, 969 (W.D.N.C. 1990)). All the operative facts occurred in North Carolina. And since the parties do not reasonably dispute this issue, the Court applies North Carolina law.

PNCC's Second Claim for Relief holds Westchester Fire Insurance vicariously liable for the harm caused by Gordon Rees's misconduct. However, North Carolina law states that insurers are not vicariously liable for the acts of counsel retained to defend their insureds. *Brown v. Lumbermens Mut. Cas. Co.*, 90 N.C. App. 464, 369 S.E.2d 367 (1988) (holding that when an insurance company appoints an attorney to represent the insured party, an attorney's negligence in

2

his subsequent representation of the insured party is not attributable to the insurance company). Pursuant to the parties' insurance agreement, Westchester appointed Gordon Rees to defend PNCC. Therefore, PNCC cannot hold Westchester vicariously liable for the acts of Gordon Rees.

PNCC contends that Westchester should be liable because it (1) negligently selected Gordon Rees to serve as counsel, (2) "failed to investigate" Gordon Rees' litigation strategy, and (3) "ratified" Gordon Rees's alleged misconduct. [DE 1-1 ¶¶ 33-35; 13]. However, the complaint contains no evidence that Westchester's selection of Gordon Rees was negligent, that Westchester played any role in Gordon Rees' defense of PNCC, or that Westchester had any knowledge of Gordon Rees' malpractice. The only specific allegation was that "PNCC's general counsel informed Westchester that PNCC had been sanctioned by the Court." [DE 13 at 6]. Even if true, Westchester's knowledge of sanctions does not equate to their control over the litigation. Furthermore, PNCC's timeline puts Westchester on notice only *after* the alleged malpractice had already occurred. Thus, even when viewed in a light most favorable to plaintiff, this Court is unable to draw a reasonable inference that Westchester is liable for the conduct alleged in PNCC's second claim for relief.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 5] is GRANTED, and plaintiff's Second Claim for Relief [DE 1-2 ¶¶ 31-36] is DISMISSED.

SO ORDERED, this _11_ day of January, 2023

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3